NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO ISAAC RIVERA-IBANEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-454 <br><br> Agency No. <br> A200-975-662 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

   Mauricio Isaac Rivera-Ibanez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

Because Rivera-Ibanez does not challenge the agency's determination that he conceded through counsel he was ineligible for asylum, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). We also do not address Rivera-Ibanez's contention that his untimely asylum application warrants an exception because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Rivera-Ibanez's asylum claim fails.

Because Rivera-Ibanez does not challenge the agency's determination that he failed to establish past persecution, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80. As to his fear of future persecution, the BIA did not err in concluding that Rivera-Ibanez failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016)

(to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) ("The particularity element requires characteristics that provide a clear benchmark for determining who falls within the group," and "[t]he group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." (internal quotation marks and citations omitted)).

Rivera-Ibanez's contention that the IJ failed to state the relevant law regarding particular social groups is not properly before the court because he failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

In light of this disposition, we need not reach Rivera-Ibanez's remaining contentions regarding his withholding of removal claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, Rivera-Ibanez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection

because petitioner failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative). We reject Rivera-Ibanez's claims the agency applied the incorrect legal standard or otherwise erred in its analysis as unsupported by the record. Thus, Rivera-Ibanez's CAT claim fails.

We reject Rivera-Ibanez's contention the BIA erred by only listing the last name of the Appellate Immigration Judge in its decision where he points to no authority requiring the BIA to list the judge's full name.

Rivera-Ibanez's motion for appointment of counsel (Docket Entry No. 23) is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**